***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted November 21, 2022; conviction on Count 3 reversed and remanded, remanded for resentencing, otherwise affirmed February 8, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOE LUIS DURAN,
*Defendant-Appellant.*

Linn County Circuit Court
20CR13303; A175322

David E. Delsman, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Lagesen, Chief Judge, and James, Judge pro tempore.

JAMES, J. pro tempore.

Conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.

**JAMES, J. pro tempore**

Defendant appeals a judgment of conviction for four counts of unlawful delivery of methamphetamine for consideration, ORS 475.890 (Counts 1, 2, 3, and 4) and one count of unlawful possession of methamphetamine, ORS 475.894 (Count 6), raising three assignments of error. Defendant's first assignment of error challenges the admission of an alleged hearsay statement. Even if the statement in question qualifies as hearsay, a point we do not decide, we conclude the admission was harmless in light of the trial testimony, and accordingly reject that assignment of error.

Defendant's second assignment of error concerns the failure to give a concurrence instruction. At trial, the state argued that defendant committed four counts of unlawful delivery of methamphetamine, either by directly transferring the drugs to or by aiding or abetting the delivery of drugs. The trial court did not instruct the jury that it must agree on a particular theory of guilt in order to find defendant guilty of the charged crimes—that is, whether defendant acted as the principal in delivering drugs, or as an accomplice by aiding or abetting the delivery of drugs.

The state agrees with defendant that such an instruction was warranted, and that the trial court plainly erred. *State v. Phillips*, 354 Or 598, 613, 317 P3d 236 (2013) (failure to provide jury-concurrence instruction regarding principal liability versus accomplice liability was error). We accept the concession.

However, the state argues that any error was harmless. When determining whether the lack of a concurrence instruction was harmless, this court views the lack of an instruction "in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue." *State v. Ashkins*, 357 Or 642, 660, 357 P3d 490 (2015).

Having reviewed the record, it appears that Count 3 was the only incident for which there was a question of whether defendant personally delivered the drugs or merely facilitated the transfer as an aider and abettor. Because the error had little likelihood of affecting the verdicts, the

error was harmless as to Counts 1, 2, and 4, and we therefore decline to exercise our discretion to correct the error as plain. *See State v. Nelson*, 309 Or App 1, 9, 481 P3d 314, *rev den*, 368 Or 511 (2021) ("Instructional error is harmless if there is little likelihood that it affected the jury's verdict[.]"); *State v. Ross*, 271 Or App 1, 10-12, 349 P3d 620, *rev den*, 357 Or 743 (2015) (declining to exercise discretion to correct jury-instruction error where it was harmless). However, we cannot say that the error had little likelihood of affecting the verdict as to Count 3, where the evidence allows for conflicting inferences as to whether defendant acted as the principal or aider and abettor.

In defendant's third assignment of error he claims that the trial court plainly erred by instructing the jury that "[p]ossession with the intent to deliver constitutes delivery, even when no actual transfer is shown." The state concedes that, under *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), such an instruction was plainly erroneous. We accept the concession.

However, like the second assignment of error, here the state argues that any error was harmless. Again, we agree and decline to exercise our discretion to correct the error. With the exception of Count 3, which we have already reversed, our review of the record shows that the state proceeded under a single theory for the remaining counts that defendant *actually transferred* narcotics. Accordingly, there is little likelihood the erroneous instruction affected the verdict.

Conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.